IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT LYLE GILL,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. LEONARD; SGT. GOODYEAR; SGT. MYRUP; OFFICER REITZ; OFFICER WEBB & OTHER UNKNOWN OFFICERS; SGT. VEATCH; CAPTAIN BODINE; YELLOWSTONE COUNTY SHERIFF'S OFFICE; YELLOWSTONE COUNTY; UNKNOWN DIRECTOR AND NURSES OF CORRECTIONS HEALTH PARTNERS; CORRECTIONS HEALTH PARTNERS,<br><br>Defendants. | Cause No. CV 19-136-BLG-SPW-TJC<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On December 9, 2019, Plaintiff Robert Gill brought this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Several motions are pending.

**I. Procedural Background**

Gill's amended complaint alleged the Defendants deprived him of prescribed mental health treatment and medication and compelled him to live in unsanitary conditions when he was a prisoner in the Yellowstone County Detention Facility

1

between July and December, 2019. *See* Am. Compl. (Doc. 16) at 4–5, 7–8.

On September 14, 2021, the Court issued a scheduling order (Doc. 35), setting deadlines for initial disclosures, amendment of the pleadings, the close of discovery, and pretrial motions. On November 15 and December 1, 2021, Gill filed timely motions to amend his complaint.

On January 6, 2022, the Court granted Gill leave to file a second amended complaint and vacated remaining deadlines in the scheduling order. *See* Order (Doc. 61) at 6 ¶¶ 1, 3. Gill filed a pleading on January 24, 2022 (Doc. 65). It contained only allegations of excessive force, and those allegations were directed only at individuals, not against a municipality or private entity. It appeared, therefore, that Gill had voluntarily dismissed his claims regarding unsanitary conditions and mental health treatment and medication and dismissed Defendants Correctional Health Partners ("CHP") and Yellowstone County altogether.

On January 31, 2022, the Court ordered service of the second amended complaint on the new defendants. In the same order, the Court also permitted Gill to clarify his position either by agreeing that he would proceed only on his new excessive force claims against individuals or, in the alternative, by filing a pleading setting forth his allegations and claims as to all defendants against whom he intended to proceed. Gill was required to respond by February 17, 2022. *See* Order (Doc. 67) at 2.

Gill timely responded, but he only requested a copy of his second amended complaint and an additional 30 days to submit a new pleading. He stated that he intended to "hold a private-entity liable, which to my knowledge the jail is." Resp. to Order (Doc. 72) at 1. He also stated that he did "not wish to dismiss Corrections Health Partners or Yellowstone County." *Id*.

Before the Court addressed Gill's submission, Defendants moved to compel Gill to respond to outstanding discovery requests. (Docs. 74, 76.) Gill's response asserted that he should not have to answer discovery requests because Defendants failed to provide documents relating to the time period between November 2019 and June 30, 2020, in their initial disclosures. *See* Resps. (Docs. 78, 82). Defendants both replied that Gill's reasoning was factually and legally insupportable. *See* Replies (Docs. 81, 83).

The deadline Gill proposed in his request for an extension of time to file his pleading was March 21, 2022. The date passed with no amended pleading being submitted by Gill.

On March 22, Defendant CHP moved for its dismissal (Doc. 84) on the grounds that Gill had not stated any claim against it in his second amended complaint. On March 28, Yellowstone County and Defendants Bodine, Leonard, and Goodyear—all named in the original and amended complaints—moved for judgment on the pleadings (Docs. 86, 88, 90, 92), pointing out that Gill's second

3

amended complaint asserted no claims against them. New defendants Veatch, Myrup, and Reitz filed answers on March 30, 2022 (Docs. 94, 95, 96).[1]

On April 4, 2022, the clerk received and filed Gill's response to the Order of January 31, 2022. A third amended complaint was attached. Gill signed and dated the pleading March 16, 2022, and dated the response March 21, 2022. Consistent with his previous submissions, he did not provide the date on which he delivered the documents to prison staff for mailing.

Gill did not respond to the Defendants' motions to dismiss or for judgment on the pleadings. On April 18, 2022, Defendant CHP filed a reply in support of its motion to dismiss (Doc. 98). As Gill did not respond to the motion, a reply is inapposite, but the Court will consider it.

## II.  Pending Motions

Rather than addressing the motions in the order of their filing, the Court will first determine what pleading is controlling and then address the motions in relation to it.

### A.  Controlling Pleading

Gill timely moved for additional time to respond to the Court's Order of January 31, 2022. *See* Resp. to Order (Doc. 72). The deadline Gill proposed in his

---

[1] Counsel refers to Defendants Veatch and Myrup, rather than Veech and Myrub, as given in the second amended complaint.

request for an extension of time to file his pleading fell on March 21, 2022. Defendants calculate the date as March 16, 2022. *See* CHP Reply (Doc. 98) at 3; Bodine Br. (Doc. 89) at 5. But the original deadline was February 17, 2022. *See* Order (Doc. 67) at 2 ¶ 1. Gill requested a 30-day extension, and March 19, 2022, was a Saturday. The correct deadline was Monday, March 21, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

The prison mailbox rule holds that a prisoner's document is filed when it is given to prison authorities for mailing. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 276 (1988). Gill does not provide that date, but his previous filings demonstrate that approximately seven days pass between his signing of a document and its receipt by the clerk. *See, e.g.*, Second Am. Compl. (Doc. 65) (dated Jan. 17 and received Jan. 24, 2022); Resp. to Order (Doc. 72) (dated Feb. 7 and received Feb. 14, 2022); Resp. to Mot. (Doc. 82) (dated Mar. 7 and received Mar. 14, 2022).

Gill dated the third amended complaint March 16, 2022. Rather than filing it, he attached it to his response to the Court's Order. The response is dated March 21, 2022. The clerk received and filed both documents on April 4, 2022, two weeks after the date of the response and 19 days after the date of the amended complaint.

Defendant CHP objects that the pleading is untimely. *See, e.g.*, Reply (Doc. 98) at 3. The time between delivery to prison officials and receipt by the clerk is

5

somewhat longer in this instance, but not egregiously so. The Court has no evidence before it to indicate that Gill misrepresented the date of his filings or that he did not timely deliver them to prison staff for mailing. Additionally, no deadlines are looming, as they were vacated on January 6, 2022 (Doc. 61), and the Defendants are not prejudiced by any minimal delay in filing. The Defendants may be prejudiced by loss of an opportunity to obtain dismissal on a basis other than the merits, but that is not a persuasive showing of cognizable prejudice. *Compare, e.g.*, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006), *with DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987).

The Court, therefore, finds that the third amended complaint and Gill's response to the Order are both timely under Gill's request for a 30-day extension of the February 17 deadline. It is the controlling pleading (Doc. 97-1).

### B. Screening of the Third Amended Complaint

Because Gill is a prisoner and is proceeding in forma pauperis, the Court will review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1); 42 U.S.C. § 1997e(c). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698

F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

### 1. Yellowstone County

Gill fails to state a claim against Yellowstone County. He was previously advised of what is required to state a claim against a municipal entity. *See* Order (Doc. 9) at 12–16; Order (Doc. 67) at 2 (reminding him of this fact); *see also* Yellowstone County Answer (Doc. 26) at 3 ("Gill has not identified a policy of the County that caused the alleged violation of his right to humane living conditions or adequate medical care."); Yellowstone County Answer (Doc. 71) at 3 ("Gill has not identified a policy of the County that caused the alleged violation of his right against excessive use of force.").

Even with liberal construction, the third amended complaint alleges only that Yellowstone County has the "burden" of providing adequate medical care and humane conditions and ensuring excessive force is not used. *See* Third Am. Compl. (Doc. 97-1) at 12 ¶ II(D)(1)–(4); *see also id*. at 3 (naming "Yellowstone County Sheriff's Office" and describing its "job" as "oversee[ing]" the jail). These assertions fail to show anything beyond a *respondeat superior* theory of the County's liability. That theory is not viable under 42 U.S.C. § 1983. In other words, a County is not liable merely because one or more of its employees violated

7

the Constitution. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also* Order (Doc. 9) at 13.

Gill has already had three opportunities to amend, but he fails to allege facts supporting an inference that Yellowstone County is liable. See Order (Doc. 9) at 14–15. Another opportunity to amend is not warranted. Yellowstone County should be dismissed.

### 2. Yellowstone County Sheriff's Office

The Court perceives no distinction between the Yellowstone County Sheriff's Office and Yellowstone County. Other than suggesting it "oversees" the jail, Gill makes no allegations against the Sheriff's Office. *See* Third Am. Compl. at 3. He does not allege the Sheriff's Office implemented or followed any policy that caused or contributed to causing a violation of his federal rights. The Yellowstone County Sheriff's Office should be dismissed.

### 3. Correctional Health Partners

Gill's allegations against CHP are limited to its failure to fulfill his request for specific mental health medications prescribed to him. As is the case with Yellowstone County, he does not allege facts supporting CHP's liability as an entity, *see* CHP Answer (Doc. 24) at 5 ¶¶ 1, 3–5; *id.* at 7 ¶ 14; CHP Disclosure Statement (Doc. 45) at 5, despite previous advice on this point, *see* Order (Doc. 9) at 12–16. Gill was specifically advised that to state a claim against CHP, there

must be an allegation that the moving force behind the constitutional violation was a deliberate CHP policy, custom or practice. *Id*. at 14.

Gill has alleged no such policy. He only alleges that he requires certain medications to treat his mental health condition; that he had previously provided his updated and allowed prescriptions from Billings Clinic; and he saw a provider named Amy who prescribed a different medication which agitates patients with his condition. (Doc. 44 at 3.) Even liberally construed, there is no allegation of a CHP policy, custom or practice that caused or contributed to a constitutional violation. At most, Gill alleges a *respondeat superior* theory of liability based on alleged misprescription of his medication by a CHP provider. This is not sufficient to state a claim against CHP.

As with Yellowstone County, Gill has already had multiple opportunities to amend, but he fails to allege facts supporting an inference that CHP is liable. CHP should be dismissed.

### 4. Defendant Webb

Based on Gill's new allegations of excessive force, the Court requested a waiver of service of summons from, among others, Defendant Webb. He did not waive service. *See* Waiver of Service (Doc. 79) at 3. If Gill intends to proceed against Defendant Jordan Webb, he must provide an address where Webb may be personally served. Pursuant to Federal Rule of Civil Procedure 4(m), the Court

finds good cause to extend the time to effect service. A further extension, however, is unlikely to be granted.

### 5. Other Claims

The third amended complaint fairly states a claim against Defendants Leonard, Goodyear, Myrup, Reitz, Webb, Veatch, and Bodine. *See* Third Am. Compl. at 13–15.

### 6. Unknown Defendants

To the extent Gill intends to identify additional defendants, he will be granted a brief period of time to do so. Any new claims and defendants will not be permitted except as allowed by both Federal Rules of Civil Procedure 15 and 16.

### 7. Answers

The Court believes the Defendants' answers to the amended and second amended complaints (Docs. 24, 27–30, 68–70, and 94–96) also adequately respond to the third amended complaint. Defendants may, but need not, file answers to the third amended complaint.

## C. Motions to Dismiss and for Judgment on the Pleadings

These motions are moot in light of Gill's filing of the third amended complaint.

/ / /

### D. Motions to Compel

Defendants' motions to compel are well-taken. Gill fails to identify any improper request and therefore has waived objections. He wholly fails to justify his refusal to respond and to communicate with counsel. If he believes he is entitled to disclosures or discovery he has not received, *see* Pl. Resps. to Mots. (Docs. 78, 82) at 1, he must discuss those matters with the defendants. But he is not entitled to decide whether they have earned his obligation to participate in his own case. Similar conduct in future is likely to result in dismissal of the case.

### E. Case Schedule

The Court takes judicial notice that Gill was released from FDC Seatac on May 27, 2022. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed June 30, 2022). Gill may, if he chooses, retain counsel to represent him. He must continue to represent himself and keep abreast of his litigation duties until he does so. The Court will not extend the schedule to allow Gill time to obtain counsel.

Accordingly, **IT IS RECOMMENDED:**

1. The Defendants' motions to dismiss for failure to state a claim and for judgment on the pleadings (Docs. 84, 86, 88, 90, 92) should be DENIED AS MOOT.

2. The District Court should DISMISS Defendants Yellowstone County, the Yellowstone County Sheriff's Office, and Corrections Health Partners without

further leave to amend.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Gill may object to the recommended dismissals within 14 days.  *See* 28 U.S.C. § 636(b)(1).[2]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

**IT IS ORDERED**:

1.  Plaintiff's request for an extension of time to file a third amended complaint (Doc. 72) is GRANTED.

2.  Plaintiff's third amended complaint (Doc. 97-1) is the controlling pleading.

3.  Defendants may, but need not, file answers to the third amended complaint within 21 days of the date of this Order.  If amended answers are not filed, the answers already on file will serve.

4.  The clerk shall amend the caption of the case, as set forth above.

5.  On or before **July 30, 2022,** Gill may provide an address at which Defendant Jordan Webb may be personally served.  Failure to do so will result in Webb's dismissal pursuant to Federal Rule of Civil Procedure 4(m).

---

[2]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

6. Defendants' motions to compel Gill to respond to their discovery requests (Docs. 74, 76) are GRANTED. Gill shall respond in full to all requests within 30 calendar days of the date of this Order.

7. The following schedule shall apply:

| | |
|---|---|
| Initial Disclosures (Excessive Force Claims Only) | **July 29, 2022** |
| Motions to Amend Pleadings (Excessive Force Claims Only) | **August 29, 2022** |
| Disclosure of Each Party's Experts on Liability and Disclosure of Plaintiff's Experts on Damages | **September 29, 2022** |
| Disclosure of Defendants' Damages Experts | **October 31, 2022** |
| Service of All Discovery Requests | **November 22, 2022** |
| Close of Discovery | **December 22, 2022** |
| Pretrial Motions & Briefs in Support | **January 18, 2023** |

8. If no pretrial motions are filed and pending on or before the deadline, the parties shall prepare and file a proposed final pretrial order on or before **February 18, 2023.**

9. All other terms and provisions of the original Scheduling Order (Doc. 35) remain in effect.

/ / /

<u>Gill must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of the action without notice to him.

DATED this 30th day of June, 2022.

                                           <u>*/s/ Timothy J. Cavan*</u>
                                           Timothy J. Cavan
                                           United States Magistrate Judge