IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT LYLE GILL, | Cause No. CV 19-136-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| SGT. LEONARD, et al. | |
| Defendants. | |

Plaintiff Robert Gill brought this action on December 9, 2019, alleging violations of his civil rights under 42 U.S.C. § 1983. On June 30, 2022, United States Magistrate Judge Timothy J. Cavan issued an order requiring Gill to respond in full to the Defendants' outstanding discovery requests within thirty days. *See* Order (Doc. 99) at 13 ¶ 6. Judge Cavan also set a deadline for Gill to provide an address at which Defendant Webb could be served and advised that Webb would be dismissed if no address was provided. *See id.* at 12 ¶ 5.

Gill did not timely provide an address for Defendant Webb. Webb will be dismissed.

On October 24, 2022, Defendants moved the Court to sanction Gill by dismissing the case because Gill failed to comply with Judge Cavan's order

1

requiring him to respond to discovery. *See* Defs. Mot. for Sanctions (Doc. 104) at 2. Gill did not respond to the motion. He has failed to show that he timely complied with Judge Cavan's order, and he has also abandoned the action.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

On September 14, 2021, Judge Cavan issued a detailed scheduling order explaining what Gill must do to advance his case. Other plaintiffs have attempted

2

in good faith to comply with their scheduling orders.  The Court's time and resources should be directed to them.  This case interferes with and takes time away from those cases.  The second factor, concerning docket management, weighs in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Because a plaintiff's obligation to comply with discovery requests arises from the Federal Rules of Civil Procedure, no motion to compel and no order should have been required to obtain Gill's response to the Defendants' discovery requests.  Gill's twin failures to comply with the rules and comply with the order interfere with Defendants' ability to proceed to trial.  The third factor weighs heavily in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

As for alternatives to dismissal, this matter has been pending for nearly four years.  The extended deadline for service of all discovery requests is rapidly approaching, *see* Order (Doc. 99) at 13 ¶ 7, yet Defendants have not received Gill's response to discovery requests they made last year, *see* Br. in Supp. of Mot. to Compel (Doc. 77) at 2.  This factor weighs heavily in favor of dismissal.

Courts exist to resolve disputes on the merits.  Here, however, Gill has failed to comply with clear rules and an order and has abandoned the action to boot.  All four of the other *Pagtalunan* factors counsel dismissal.

Gill was granted leave to proceed in forma pauperis. *See* Order (Doc. 9). His failure to participate in the case he chose to file demonstrates that he lacks a viable basis to appeal this dismissal. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. Defendant Webb is DISMISSED.

2. Defendants' motion for sanctions (Doc. 104) is GRANTED.

3. This action is DISMISSED WITH PREJUDICE for failure to prosecute and for failure to comply with a court order.

4. The clerk shall enter, by separate document, a judgment of dismissal with prejudice.

5. The Court CERTIFIES that any appeal of its disposition would not be taken in good faith.

DATED this 15th day of November, 2022.

Susan P. Watters
United States District Court